UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN VANCE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:20-cv-00531 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Brian Vance's Amended Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255. (Doc. No. 1). The Motion has been fully briefed. (Doc. Nos. 6, 7). For the following reasons, Vance's Motion (Doc. No. 1) will be granted.

## I. BACKGROUND

On June 10, 2013, Vance pleaded guilty to four counts of the Superseding Indictment, including Count VIII, being an accessory after-the-fact predicated on a violation of 18 U.S.C. § 924(c) ("§ 924(c)"), conspiracy to commit a Hobbs Act extortion and robbery. (Doc. No. 1-5). During Vance's plea hearing, the court made clear that the Hobbs Act conspiracy fell under § 924(c)'s residual clause as a "crime of violence." (Doc. No. 1-4 at 8 ("As for using, carrying, brandishing a firearm during a crime of violence resulting in death, they would have to prove a person committed a federal crime of violence, conspiracy to commit a Hobbs Act robbery . . . .")). On direct appeal, Vance did not challenge his conviction for Count VIII, opting only to appeal the reasonableness of his sentence. See United States v. Young, 847 F.3d 328, 369–73 (6th Cir. 2017) ("Vance argues that his sentence was unreasonable because: (1) the district Court erred in failing to adequately consider the factors set forth in § 18 U.S.C. 3553(a); (2) the district court erroneously

relied on the 18-to-1 cocaine to crack ratio . . . ; and (3) the district court did not fully appreciate its own authority in crafting a fair sentence.").

However, roughly six years after his conviction, the Supreme Court determined that § 924(c)'s residual clause was unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319 (2019). Shortly thereafter, on June 23, 2020, Vance filed the instant Motion pursuant to 28 U.S.C. § 2255, through which he requests that the Court vacate his conviction for Count VIII and resentence him.[1] (See generally Doc. No. 1).

## II.  LEGAL STANDARD

A prisoner in custody under a sentence of a federal court may move the court to vacate, set aside, or correct his sentence on certain grounds, including that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). It is well established that, "[t]o prevail under § 2255, a defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or jury's verdict" or "must show a fundamental defect in his sentencing which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Wright v. Jones, 182 F.3d 458, 463 (6th Cir. 1999) (internal quotation marks omitted). In § 2255 proceedings, it is the movant's burden to show his entitlement to relief. See Potter v. United States, 887 F. 785, 787–88 (6th Cir. 2018).

Generally, a claim that a movant failed to raise at trial or on direct review is procedurally defaulted. See Massaro v. United States, 538 U.S. 500, 504 (2003). Still, under the doctrine of procedural default, a defendant who fails to raise an issue on direct appeal may raise that issue in

---

[1] On June 30, 2023, Vance informed the Court that he has been placed in a halfway house until his custodial sentence expires in April 2024. (Doc. No. 11 at 1). In light of this development, Vance winnowed his requested relief, asking only that this court vacate his conviction. (Id.).

2

a § 2255 motion if he can establish: (1) cause for the default and prejudice from the claim being barred; or (2) actual innocence. Obi v. United States, 797 F. App'x 926, 929 (6th Cir. 2019). In this context, "'[a]ctual innocence' means factual innocence," Bousley v. United States, 523 U.S. 614, 623 (1998), and one way to show factual innocence is by identifying "an intervening change in the law that establishes" innocence. Wooten v. Cauley, 677 F.3d 303, 307 (6th Cir. 2012) (internal quotation marks omitted).

### III.   ANALYSIS

Vance offers a straightforward argument for his actual innocence: that (1) Davis' striking down of § 924(c)'s residual clause applies retroactively; and (2) his accessory after-the-fact conviction rests on the now-defunct residual clause. (Doc. No. 1 at 4–6).

To his first point, after his Motion (Doc. No. 1) was fully briefed, the Sixth Circuit explicitly held that Davis applies retroactively. See In re Franklin, 950 F.3d 909, 911 (6th Cir. 2020) (per curium) ("The Supreme Court's decision in Welch v. United States, --- U.S. ----, 136 S. Ct. 1257, 1264–65, 194 L.Ed.2d 387 (2016), establishes the retroactivity of Davis. Welch explained that decisions announce a substantive rule and are thus retroactive when they 'alter[] the range of conduct . . . that the law punishes.'"). Thus, the Court need not linger on the issue.

As to his second point, Vance explains that, in light of Davis, "the three men identified in Count [VIII] as the principals cannot possibly be guilty of the alleged violation of § 924(c)" and, accordingly, Vance cannot be guilty of being an accessory after-the-fact to the putative crime. (Doc. No. 1 at 5–6). Vance is correct. Following Davis, the Sixth Circuit made clear that "a predicate offense qualifies as a crime of violence only if use of force is an element of the offense and this excludes conspiracy charges," United States v. Woods, 14 F.4th 544, 552 (6th Cir. 2021), and, since then, the Sixth Circuit has "limited [§ 924(c)]'s application further, ruling that a

3

conspiracy to commit Hobbs Act robbery does not count as a predicate 'crime of violence' for § 924(c) purposes, whether under the residual clause or the elements clause." Portis v. United States, 33 F.4th 331, 334 (6th Cir. 2022). In so doing, the Sixth Circuit has foreclosed the Government from securing a § 924(c) conviction predicated on a Hobbs Act conspiracy, id., let alone a conviction for being an accessory after-the-fact to such a conspiracy.

In the face of this explicit change in the law, the Government commits much of its response to tilting at windmills, (see Doc. No. 6 at 5–8 (rebutting a claim of cause and prejudice that Vance did not raise)), and relegates discussion of Vance's actual innocence claim to the final paragraph. (Id. at 8–9). There, the Government's argues that Vance cannot show that he is actually innocent of the accessory after-the-fact charge because, "[w]hen Vance pleaded guilty, he admitted to being an accessory after-the fact to a Hobbs Act conspiracy[, h]e admitted that he was aware of this murder[ and] of this Hobbs Act robbery, and [he admitted] that he did assist the principals by providing them with cash and pants so they could flee in an attempt to avoid apprehension." (Doc. No. 6 at 8–9 (internal citations and quotation marks omitted)).

However, these admissions do not displace the crux of Vance's Motion—that Vance's factual innocence is premised on a change in the law rather than an omission in his guilty plea. Accordingly, the Government's arguments are of no moment. The Supreme Court's directive is clear, see Davis, 139 S. Ct. at 2323 ("a vague law is no law at all"), as is the law of this Circuit. Portis, 33 F.4th at 334. Vance's conviction for Count VIII cannot stand.

IV. **CONCLUSION**

In light of the forgoing, Vance's Amended Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 1) is **GRANTED**. Vance's conviction for Count VIII in Case No. 3:11-cr-00012-3 is **VACATED**. In accordance with his request (see

4

<u>generally</u> Doc. No. 11), Vance's sentence and status are unchanged. The amended Judgment accompanying this Order shall be entered.

This is a final order. The Clerk shall enter judgment in this case in accordance with Federal Rule of Civil Procedure 58. The Clerk shall also enter a copy of this Order and Judgment in Case No. 3:11-cr-00012-3.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE